UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| TECOSSL, INC., ) | |
| ) | |
| Plaintiff, ) | Civil No. 5:19-cv-00043-GFVT-EBA |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| AVID LABS, LLC, *et al.*, ) | **&** |
| ) | **ORDER** |
| Defendants. ) | |

*** *** *** ***

This matter is before the Court on Plaintiff/Counterclaim Defendant Tecossl, Inc.'s ("Teco") Motion for Partial Summary Judgment. [R. 129.] Teco seeks summary judgment on its cause of action against Avid Labs, LLC for patent invalidity and on Avid's patent infringement action against Teco. *Id*. For the reasons that follow, Teco's motion will be **DENIED**.

I

In 2015, Teco, a company that sells LED surface inspection lighting systems for paint inspection booths, approached Avid to assist with a lighting project for Toyota Motor Manufacturing of Kentucky. [R. 33; R. 129.] On December 11, 2015, Teco and Avid entered into a Confidential Disclosure Agreement ("NDA") whereby Avid, designated as the "Discloser," agreed to provide "confidential information" relating to "LED Inspection Lighting Technology" to Teco, who was identified as the "Recipient." [R. 62-1]. Darrel Thornberry, Teco's President, and Joel Nichols, Avid's Chief Executive, both signed the NDA.

Soon thereafter, on March 18, 2016, Avid filed provisional patent application No. 62/310,294 for a paint inspection lighting system. Then, just under a year later on March 16,

2017, Avid filed a utility patent application on the paint inspection lighting system. This utility patent application was numbered 15/460,929. Eventually, the '929 patent application ripened, and on December 31, 2019, U.S. Patent No. 10,520,447 was issued to Avid by the United States Patent and Trademark Office ("USPTO").

Before the '929 patent application fully ripened into the '447 patent, however, Teco filed its original complaint against Avid and two other defendants. [R. 1.][1] Following months of back-and-forth pleading, Teco moved to amend its original complaint [R. 31], which the Court allowed.[2] [R. 32.] In its amended complaint, which was filed on September 24, 2019, Teco alleged thirteen causes of action against Avid and the two other original defendants. [R. 33.] After more back-and-forth pleading between the parties, the case sat virtually dormant for almost a year and a half until Avid moved to dismiss for lack of prosecution.[3] After Judge Hood denied Avid's motion to dismiss for lack of prosecution [R. 58], Avid filed a counterclaim against Teco alleging that Teco breached the NDA and infringed upon Avid's '447 patent. [R. 62.] Since then, Teco has relieved Avid's co-defendants, and dismissed several of the claims alleged in its amended complaint. [*See* R. 56, R. 86, R. 110, R. 114, R. 177, and R. 179.] Avid moved for summary judgment on the remaining Counts of Teco's action [R. 128], which the Court disposed of in a separate Memorandum Opinion & Order. [R. 184.] Now, the Court turns to Teco's motion for partial summary judgment as to Avid's counterclaim of patent infringement.

## II

Summary judgment is appropriate when the pleadings, discovery materials, and other documents in the record show "that there is no genuine dispute as to any material fact and the

---

[1] Filed February 12, 2019.
[2] The Court finds it worth noting for clarity's sake that this matter was originally assigned to Judge Joseph Hood. Not until October 14, 2022 was this case reassigned to this Court's docket. [*See* R. 89.]
[3] This dormant period was apparently caused by the absence in the record of a scheduling order.

2

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). "A genuine dispute exists on a material fact, and thus summary judgment is improper, if the evidence shows 'that a reasonable jury could return a verdict for the nonmoving party.'" *Olinger v. Corp. of the Pres. Of the Church*, 521 F. Supp. 2d 577, 582 (E.D. Ky. 2007) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). The moving party has the initial burden of demonstrating the basis for its motion and identifying those parts of the record that establish the absence of a genuine issue of material fact. *Chao v. Hall Holding Co.*, 285 F.3d 415, 424 (6th Cir. 2002). The movant may satisfy its burden by showing "that there is an absence of evidence to support the non-moving party's case." *Celotex Corp.*, 477 U.S. at 325. Once the movant has satisfied this burden, the non-moving party must go beyond the pleadings and come forward with specific facts demonstrating there is a genuine issue in dispute. *Hall Holding*, 285 F.3d at 424 (citing *Celotex Corp.*, 477 U.S. at 324).

The Court must then determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251-52). In doing so, the Court must review the facts and draw all reasonable inferences in favor of the non-moving party. *Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001). Summary judgment is inappropriate where there is a genuine conflict "in the evidence, with affirmative support on both sides, and where the question is which witness to believe." *Dawson v. Dorman*, 528 F. App'x 450, 452 (6th Cir. 2013).

**A**

Here, Teco first seeks summary judgment on Avid's counterclaim against Teco for infringement of Avid's '447 Patent. Teco first argues that Avid's infringement action must fail

3

because Avid identifies prior art as the infringing device—in other words, when Avid filed its patent application, Teco was already using the thing that Avid claims to be infringing. Teco's argument can be more appropriately explained by distilling events into chronological order: (1) in 2015, Teco was using its LED Paint Inspection Lighting System ; (2) in 2016, Avid files the '929 Patent Application; (3) in 2017, Avid's '447 Patent issues; (4) in 2021, Avid files a counterclaim accusing Teco of infringing the '447 patent because of Teco's manufacturing of paint lighting systems; (5) Teco argues that the paint lighting inspection systems that Avid alleges are infringing are the same lighting systems that Teco was making and selling in 2015. Teco, therefore, cannot be infringing Avid's '447 patent because Teco's LED Paint Inspection Lighting System was already in use before the '447 patent issued. This existence of prior art, argues Teco, also renders Avid's '447 "unmistakably invalid" because Teco's paint inspection lighting system was in use more than one year before the filing of Avid's '929 provisional patent application.[4] In order to determine whether Teco is entitled to summary judgment on Avid's infringement claim, the Court must first consider Teco's attack on the validity of Avid's '447 patent.

Pursuant to 35 U.S.C. § 282(a), patents are afforded a statutory presumption of validity. *See* 35 U.S.C. § 282(a). Overcoming this presumption of validity requires the patent challenger to meet the *high* burden of proving the factual elements of invalidity by clear and convincing evidence. *Exmark Mfg. Co. v. Briggs & Stratton Power Prods. Grp, LLC*, 879 F.3d 1332, 1341 (Fed. Cir. 2018) (emphasis added). This high burden of proof never shifts to the patentee to prove validity. *Pfizer, Inc. v. Apotex, Inc.*, 480 F.3d 1348, 1359 (Fed. Cir. 2007). "The presumption [of validity] remains intact and [the burden of proof remains] on the challenger

---

[4] A patent can only issue for things that are novel and nonobvious. *See* 35 U.S.C. §§ 102, 103(a).

4

throughout the litigation, and the clear and convincing standard does not change." *Id*. at 1359-60 (quoting *Hybritech Inc. v. Monoclonal Antibodies, Inc.*, 802 F.2d 1367, 1375 (Fed. Cir. 1986)) (internal quotations omitted); *see also* 35 U.S.C. § 282(a).

In order for a patent to issue, the claimed invention must be novel and nonobvious. 35 U.S.C. §§ 102, 103. "A patent is invalid if the claimed invention was 'known or used by others in this country . . . before the invention thereof by the applicant for patent,' or was 'in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States.'" *Hoover Grp. Inc. v. Custom Metalcraft Inc.*, 66 F.3d 299, 302 (Fed. Cir. 1995) (quoting 35 U.S.C. §§ 102(a)(b)). "Invalidity based on lack of novelty (often called 'anticipation') requires that the same invention, including *each* element and limitation of the claims, was known or used by others before it was invented by the patentee." *Id*. (emphasis added). "Anticipation of a patent claim requires a finding that the claim at issue 'reads on' a prior art reference." *Atlas Powder Co. v. Ireco, Inc.*, 190 F.3d 1342, 1346 (Fed. Cir. 1999). "In other words, if granting patent protection on the disputed claim would allow the patentee to exclude the public from practicing the prior art, then that claim is anticipated, regardless of whether it also covers subject matter not in the prior art." *Id*. Anticipation is a question of fact. *Id*.

Here, the burden to prove patent invalidity is Teco's. Teco's "proof" of patent invalidity based on the theory of anticipation relies on Avid's infringement claims. In its counterclaim against Teco, Avid alleges that Teco is manufacturing a paint inspection lighting system that infringes on one or more of the claims of Avid's '447 patent. [R. 62.] Attached to Avid's counterclaim is Exhibit D, which depicts a Teco paint inspection lighting system[5] that Avid

---

[5] The "Accused Instrumentality."

5

alleges is infringing the '447 patent. [*See* R. 62-4.] According to Teco, this "accused instrumentality" was in use or on sale more than one year prior to Avid filing the '929 provisional patent application. [R. 129 at 7.] Thus, argues Teco, the very instrumentality that Avid contends is an infringing product manufactured by Teco is actually prior art. Accordingly, the '447 patent is invalid because the '447 anticipates Teco's paint inspection lighting system—put more simply, Avid's patented paint inspection lighting system is not novel.

Avid responds that summary judgment is not appropriate at this juncture. Avid contends that the '447 patent does not cover prior art because the Accused Instrumentality is not Teco's 2015 light inspection tunnel. [R. 141 at 6.] Avid explains that it improved upon Teco's 2015 light inspection tunnel, and that the improved instrumentality is protected by the '447 patent. Avid clarifies that it "claims that Teco offered for sale and sold the improved RAIL light system developed by Avid which infringes the '447 Patent." *Id*. Avid argues further that Teco has failed to provide clear and convincing evidence that each and every claim of the '447 patent is anticipated by the asserted prior art.[6] Thus, according to Avid, genuine issues of material fact as to patent validity based on Teco's argument of anticipation exist, and warrant denial of Teco's motion.

The Court agrees with Avid. Teco relies solely on its argument that Avid is accusing Teco's 2015 lighting system of infringement. But it seems clear that Avid's argument—that Avid is accusing an improved version of Teco's 2015 system of infringement—is correct. Although it may be the case that Avid originally attached a photograph of Teco's 2015 system to its counterclaim complaint and its preliminary infringement contentions, Avid has maintained throughout this litigation that it believes that Teco has manufactured and sold a paint inspection

---

[6] Teco's 2015 Paint Inspection Lighting System.

6

lighting system that infringes on the Avid's improved system.[7]  Teco, thus, has failed at this stage to meaningfully present evidence that Avid's system protected by the '447 patent is anticipated by prior art.  At this juncture, an inference of patent validity can still be drawn in Avid's favor.  Accordingly, there still exists the factual question of whether any prior art anticipates the '447 patent.

To reiterate the standard for claim anticipation, each and every element as set forth in the claim must be found, either expressly or inherently described.  *See Verdegaal Bros., Inc.*, 814 F.2d at 631.  Teco argues that each and every element is found in the 2015 Lighting System that is claimed in the patent-in-suit.  To support this argument, Teco attaches its preliminary invalidity contentions, which attempts to explain how Teco's 2015 system anticipates Avid's '447 Patent. [129-2.]  But as explained above, Avid is not accusing Teco's 2015 system of infringing.  Thus, the factual questions that exist are whether Teco has manufactured prior art and, if so, whether or not each and every element as set forth in the '447's claims are found in that prior art.

**B**

Teco also seeks summary judgment on its "cause of action for a declaration of patent invalidity." [R. 129.]  Teco's only cause of action seeking any erosion of Avid's patent rights, however, was Count 9 of Teco's Amended Complaint, which alleged inequitable conduct because of Avid's omission of Darrel Thornberry's name from the list of inventors in the '929 application. [*See* R. 33.]  The Court analyzed Teco's inequitable conduct claim in a separate Memorandum Opinion & Order, and ultimately found that Teco had failed to meet its burden to

---

[7] Moreover, the Court previously denied Teco's Motion to Strike Avid's supplemented preliminary infringement contentions, in which Avid removed a photograph depicting what Teco alleges to be Teco's 2015 Lighting System. Thus, it is clear at this juncture that Avid is accusing something other than what Teco exclaims.

further prosecute an inequitable conduct action. [*See* R. 184.] Accordingly, the Court dismissed Count 9 of Teco's Amended Complaint with prejudice. [*See* R. 185.] Thus, revisiting that previously adjudicated issue is unnecessary here.

### III

Despite Teco's reiterations that the accused instrumentality in this matter is undisclosed prior art, the record now suggests that Avid is accusing something other than Teco's 2015 lighting system of infringing the '447 Patent. Thus, genuine questions of fact remain as to whether Teco, more than one year prior to the '929 application, manufactured a lighting system that anticipated each and every element of Avid's '447 Patent. Should a jury conclude that the evidence shows that Teco manufactured prior art anticipating each and every element of Avid's '447 patent, then Avid's patent will be deemed invalid. Because Teco has failed, at this juncture at least, to provide evidence that Avid failed to disclose prior art that fully anticipates the '447 Patent, summary judgment is unwarranted. Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Plaintiff Tecossl, Inc.'s Motion for Partial Summary Judgment [**R. 129**] is **DENIED**; and
2. A Scheduling Order setting a new trial date will be entered promptly.

This the 28th day of March 2024.

Gregory F. Van Tatenhove
United States District Judge