UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| TECOSSL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 5:19-cv-00043-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| AVID LABS, LLC, *et al.*, | ) | **&** |
| | ) | **ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Defendant Avid Labs, LLC's Second Motion for Summary Judgment. [R. 197.] Avid seeks summary judgment on Plaintiff Tecossl, Inc.'s ("Teco") Fourth, Fifth, and Seventh affirmative defenses and Avid's counterclaim for infringement. *Id*. The briefing period has concluded, and the matter is now ripe for review. For the reasons that follow, Avid's motion will be **GRANTED** in part and **DENIED** in part.

**I**

The Court has previously detailed the facts of this case in several instances. [R. 184 at 1-3; R. 186 at 1-2.] Arising out of a contract dispute and broken business relationship, this case began with numerous claims by Teco that have since been winnowed down and eliminated. Now, all that remains is a counterclaim of infringement by Avid and Teco's affirmative defenses to that counterclaim. [R. 62; R. 67.] Avid contends that Teco infringed Avid's U.S. Patent No. 10,520,447 ("the 447 Patent") by making or offering for sale paint inspection lighting systems that infringe at least claims 1 and 11 of the '447 Patent. [R. 62.]

On March 18, 2016, Avid filed provisional patent application No. 62/310,294 for a paint

inspection lighting system. Then, just under a year later on March 16, 2017, Avid filed a utility patent application on the paint inspection lighting system. This utility patent application was numbered 15/460,929. Eventually, the '929 patent application ripened, and on December 31, 2019, U.S. Patent No. 10,520,447 was issued to Avid by the United States Patent and Trademark Office ("USPTO"). According to its counterclaim, on or about July 20, 2021, Avid became aware that Teco was making, using, offering to sell or selling within the United States paint inspection lighting systems. On August 28, 2023 Teco moved for summary judgment on Avid's claim of infringement, which this Court ultimately denied. [R. 186.] Now Avid asks the Court for summary judgment as to its remaining counterclaim and to Teco's fourth, fifth, and seventh affirmative defenses to that counterclaim. [R. 197.]

## II

### A

Summary judgment is appropriate when the pleadings, discovery materials, and other documents in the record show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). "A genuine dispute exists on a material fact, and thus summary judgment is improper, if the evidence shows 'that a reasonable jury could return a verdict for the nonmoving party.'" *Olinger v. Corp. of the Pres. Of the Church*, 521 F. Supp. 2d 577, 582 (E.D. Ky. 2007) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). The moving party has the initial burden of demonstrating the basis for its motion and identifying those parts of the record that establish the absence of a genuine issue of material fact. *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002). The movant may satisfy its burden by showing "that there is an absence of evidence to support the non-moving party's case." *Celotex*

2

*Corp.*, 477 U.S. at 325.  Once the movant has satisfied this burden, the non-moving party must go beyond the pleadings and come forward with specific facts demonstrating there is a genuine issue in dispute.  *Hall Holding*, 285 F.3d at 424 (citing *Celotex Corp.*, 477 U.S. at 324)).  "[T]he trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact."  *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479–80 (6th Cir. 1989).  "Instead, 'the non-moving party has an affirmative duty to direct the Court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact.'"  *J.B-K.-1 v. Sec'y of Ky. Cabinet for Health & Fam. Servs.*, 462 F. Supp. 3d 724, 731 (E.D. Ky. 2020), *aff'd sub nom. J. B-K. by E.B. v. Sec'y of Ky. Cabinet for Health & Fam. Servs.*, 48 F.4th 721 (6th Cir. 2022) (quoting *In re Morris*, 260 F.3d 654, 665 (6th Cir. 2001)).

The Court must then determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law*."*  *Booker v. Brown & Williamson Tobacco Co*., 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251-52).  In doing so, the Court must review the facts and draw all reasonable inferences in favor of the non-moving party.  *Logan v. Denny's, Inc*., 259 F.3d 558, 566 (6th Cir. 2001).  Summary judgment is inappropriate where there is a genuine conflict "in the evidence, with affirmative support on both sides, and where the question is which witness to believe."  *Dawson v. Dorman*, 528 F. App'x 450, 452 (6th Cir. 2013).  *Zurich Am. Ins. Co*., 423 S.W.3d 698, 703 (Ky. 2014)).  If the non-moving party faces a heightened burden of proof, such as clear and convincing evidence, it must show that it can produce evidence which, if believed, will meet the higher standard.  *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

**B**

3

**1**

The Court first considers Teco's fourth affirmative defense, inequitable conduct. The Court notes that "[s]ummary judgment is a proper avenue for disposing of affirmative defenses." *Wineries of the Old Mission Peninsula Ass'n v. Peninsula Twp.*, No. 1:20-CV-1008, 2024 WL 1152556 at *2 (W.D. Mich. Mar. 12, 2024) (citing *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995)). To prevail on its defense of inequitable conduct, Teco must prove by clear and convincing evidence that the patent holder withheld material information from the USPTO and that such information was withheld with intent to deceive the USPTO. *GFI, Inc. v. Franklin Corp.*, 265 F.3d 1268, 1273 (Fed. Cir. 2001). Avid now contends that Teco failed to plead its inequitable conduct defense with sufficient particularity pursuant to Federal Rule of Civil Procedure 7 and that Teco has now produced no evidence establishing inequitable conduct. [R. 197 at 7-9.] In response, and somewhat missing the mark, Teco contends that "[t]he Federal Circuit has also not adopted the Twombly/Iqbal plausibility standard for affirmative defenses." [R. 198 at 5.]

When inequitable conduct pertains to patent law, determining whether inequitable conduct has been adequately pled is a question of Federal Circuit law. *See Cent. Admixture Pharmacy Servs., Inc. v. Advanced Cardiac Solutions, P.C.*, 482 F.3d 1347, 1356 (Fed. Cir. 2007). The Federal Circuit has held that inequitable conduct, like fraud, must be plead with particularity under Rule 9(b) of the Federal Rules of Civil Procedure. *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1326-27 (Fed. Cir. 2009). This means that the pleading "must identify the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *Id*. at 1328.

The Court has largely addressed this issue in a prior opinion in this case. [R. 184.] There

the Court considered inequitable conduct in the context of Claim 9 of Teco's Complaint, whereby Teco sought a declaratory judgment that Avid committed inequitable conduct in relation to the '447 patent. *Id*. at 12. The Court determined that "Teco has failed to meet its burden at the pleading stage," noting that Teco's amended complaint failed to identify the "who" of the material omission and did not contain any facts that give rise to an inference of intent to deceive by Avid. *Id*. at 14-15. That same analysis holds here. Additionally, Teco does not point to any evidence that would give rise to a genuine issue of material fact as to its inequitable conduct defense, leaving it unable to satisfy its high burden. [R. 198 at 5-8.] Summary judgment in favor of Avid as to Teco's fourth affirmative defense is therefore appropriate.

**2**

The Court now turns to Teco's fifth affirmative defense, the invalidity of the '477 patent. This Court has also previously touched on this issue in its opinion denying Teco's motion for summary judgment. [R. 186.] The Court noted that, pursuant to 35 U.S.C. § 282(a), patents are afforded a statutory presumption of validity. *Id*. at 4. Overcoming this presumption of validity requires the patent challenger to meet the high burden of proving the factual elements of invalidity by clear and convincing evidence. *Exmark Mfg. Co. v. Briggs & Stratton Power Prods. Grp, LLC*, 879 F.3d 1332, 1341 (Fed. Cir. 2018). This high burden of proof never shifts to the patentee to prove validity. *Pfizer, Inc. v. Apotex, Inc.*, 480 F.3d 1348, 1359 (Fed. Cir. 2007).

In opposition to Avid's motion, Teco again misses the mark and simply points to its amended complaint, notably paragraphs 13-26, 41-47, and 50-51. [R. 198 at 7; R. 33.] Parties cannot merely rely on allegations in their complaint to defeat summary judgment. *Tullis v. UMB Bank, N.A.*, 423 F. App'x 567, 570 (6th Cir. 2011). However, the Court is able to piece together

5

that Teco's invalidity defense is really an assertion that the '447 Patent was anticipated by Teco's prior art.

In order for a patent to issue, the claimed invention must be novel and nonobvious. 35 U.S.C. §§ 102, 103. "A patent is invalid if the claimed invention was 'known or used by others in this country . . . before the invention thereof by the applicant for patent,' or was 'in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States.'" *Hoover Grp. Inc. v. Custom Metalcraft Inc.*, 66 F.3d 299, 302 (Fed. Cir. 1995) (quoting 35 U.S.C. §§ 102(a)(b)). "Invalidity based on lack of novelty (often called 'anticipation') requires that the same invention, including each element and limitation of the claims, was known or used by others before it was invented by the patentee." *Id*. (emphasis added). "Anticipation of a patent claim requires a finding that the claim at issue 'reads on' a prior art reference." *Atlas Powder Co. v. Ireco, Inc.*, 190 F.3d 1342, 1346 (Fed. Cir. 1999). "In other words, if granting patent protection on the disputed claim would allow the patentee to exclude the public from practicing the prior art, then that claim is anticipated, regardless of whether it also covers subject matter not in the prior art." *Id*. Anticipation is a question of fact. *Id*.

In a slightly different posture, the Court determined in its Order denying Teco's motion for summary judgment that "genuine questions of fact remain as to whether Teco, more than one year prior to the '929 application, manufactured a lighting system that anticipated each and every element of Avid's '447 Patent." [R. 186 at 8.] There the Court drew inferences in favor of Avid as the non-moving party, though the burden to show invalidity was still on Teco. While the briefing is less than entirely clear, Teco appears to rely on an affidavit from Bobby Shrout, a long-time Group Leader at the Toyota Manufacturing plant where Teco installed lighting

6

projects, to suggest that the '447 Patent was reliant on prior art. [R. 198-2.] According to Shrout, Teco installed a light inspection tunnel at Toyota's manufacturing facility no later than March 13, 2015. *Id*. Shrout's affidavit highlights that the system included T-slot brackets and LED light sources. *Id*. Shrout also suggests Avid representatives were directly shown Teco's light inspection tunnel. *Id*.

While certainly not presenting an overwhelming amount of evidence, Teco's fifth affirmative defense of invalidity survives summary judgment when all inferences are drawn in Teco's favor. Shrout is an experienced employee at a facility where the alleged prior art was installed and he is able to speak about the attributes of those prior lighting tunnels. *Id*. According to his timeline, the lighting tunnels were also installed well in advance of when Avid secured the '477 Patent and were viewed by Avid representatives. *Id*. Additionally, Teco relies on the affidavit of Darrel Thornberry, Teco's founder. [R. 198-1.] Thornberry is also able to speak on the relevant attributes of Teco's prior light tunnels and avers that they included "T-slot brackets, light emitters coupled at joints, and all other claim elements described in US Patent 10,520,447." *Id*. Shrout's similar affidavit weighs against discounting Thornberry's as merely self-serving. Not every jury would be able to find for Teco based on the existence of prior art, but a reasonable one could, leaving summary judgment inappropriate as to Teco's fifth affirmative defense.

### 3

Finally, the Court pivots to Teco's seventh affirmative defense, inventorship. Avid contends that this seventh defense is really just a recharacterization of Teco's fourth defense of inequitable conduct. [R. 197 at 10.] By contrast, Teco contends that, while a failure to include an inventor in bad faith can constitute inequitable conduct, an inventorship defense can also

proceed under the theory that an inventor was left off by mistake. [R. 198 at 6.] Therefore, correction of the '477 patent could be possible under 35 U.S.C. § 256. *Id*. at 6-7. Teco also relies on the Thornberry affidavit, where he states, "[t]he patent claims of the '447 patent contain elements that I contributed to the invention." [R. 198-1 at 4.]

35 U.S.C. § 256 provides a mechanism for omitted inventors to correct patents without undermining their validity, stating

> Whenever through error a person is named in an issued patent as the inventor, or through error an inventor is not named in an issued patent, the Director may, on application of all the parties and assignees, with proof of the facts and such other requirements as may be imposed, issue a certificate correcting such error.

As the statute makes clear, an uncontested proceeding where all relevant parties seek to participate is relatively uncontroversial. When the parties are less than unanimous about adding omitted inventors, "Section 256 creates a cause of action in the district courts for correction of non-joinder of an inventor on a patent." *Eli Lilly & Co. v. Aradigm Corp.*, 376 F.3d 1352, 1358 (Fed. Cir. 2004). Patent issuance creates a rebuttable presumption that the named inventors are the true and only inventors. *Caterpillar Inc. v. Sturman Indus., Inc.*, 387 F.3d 1358, 1377 (Fed. Cir. 2004) (citing *Hess v. Advanced Cardiovascular Sys., Inc.*, 106 F.3d 976, 980 (Fed. Cir. 1997)). Rebutting that presumption is a heavy burden and must be proved by clear and convincing evidence. *Id*. Notably, the Federal Circuit has held that "an alleged co-inventor's testimony cannot, standing alone, provide clear and convincing evidence." *Id*. (citing *Ethicon, Inc. v. United States Surgical Corp.,* 135 F.3d 1456, 1460 (Fed. Cir.1998)).

The burden for this issue is on Teco. Neither Teco's initial Complaint, [R. 1], nor its amended Complaint, [R. 33], asked this Court for relief under 35 U.S.C. § 256. Indeed, the Court has previously noted that "Teco's only cause of action seeking any erosion of Avid's patent rights, however, was Count 9 of Teco's Amended Complaint, which alleged inequitable

8

conduct because of Avid's omission of Darrel Thornberry's name from the list of inventors in the '929 application." [R. 186 at 7.] This Court previously determined that summary judgment in favor of Avid was proper for that claim. [R. 184 at 15.] Insofar as the Court is asked to adjudicate a separate issue via this summary judgment motion on Teco's seventh affirmative defense, Teco's inventorship claim is still ultimately unsuccessful.

The only evidence Teco provided to support its seventh affirmative defense was an affidavit by Mr. Thornberry, the purportedly missing inventor. [R. 198-1.] As the Federal Circuit made clear in *Caterpillar Inc.*, this is simply not enough to carry Teco's high burden under a clear and convincing evidence standard. Teco has provided no evidence to corroborate Mr. Thornberry's affidavit. Furthermore, that affidavit itself is extremely limited, providing only a bare-bones, single sentence evincing Mr. Thornberry's role in the '447 patent. It does not explain what elements he contributed to the invention or how such contributions were material. With the record as bare as it appears, the Court must grant summary judgment in favor of Avid as to Teco's seventh affirmative defense.

## C

Shifting its view, the Court now considers Avid's motion for summary judgment on its counterclaim against Teco for infringement. The core of Avid's claim is that Teco offered for sale and sold the improved RAIL light system developed by Avid and protected by the '447 Patent. Avid presents several brochures – one from Avid and a later brochure from Teco – to support its claim. [R. 197-1; R. 197-2.] In its view, the striking similarity between the depicted lighting systems is proof of infringement. [R. 197 at 11-16.] Avid also attempts to point out several alleged facts it claims are undisputed. [R. 199 at 4-6.] In opposition, Teco presents an affidavit from Teco founder Darrel Thornberry. [R. 198-1.] Thornberry's affidavit challenges

9

the authenticity of the brochures Avid provided, with Mr. Thornberry asserting the purported Teco brochure was in fact never created or utilized by Teco. [R. 198-1.] Teco also challenges the form in which Avid presented its comparison, noting that no expert or other witness provided testimony to support Avid's claims. [R. 198 at 9-11.]

"[W]hoever without authorization makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor [directly] infringes the patent." 35 U.S.C. § 271(a). To prove direct infringement, the plaintiff must establish by a preponderance of the evidence that one or more claims of the patent read on the accused device literally or under the doctrine of equivalents. *Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.,* 261 F.3d 1329, 1336 (Fed. Cir. 2001). "Literal infringement requires that each and every limitation set forth in a claim appear in an accused product." *Franks Casing Crew & Rental Tools, Inc. v. Weatherford Int'l, Inc.,* 389 F.3d 1370, 1378 (Fed. Cir. 2004). A district court may determine infringement on summary judgment only "when no reasonable jury could find that every limitation recited in the properly construed claim either is or is not found in the accused device." *Gart v. Logitech, Inc.,* 254 F.3d 1334, 1339 (Fed. Cir. 2001).

The problem for Avid is that their evidence is simply insufficient to carry the day, especially with Teco directly contesting the facts on which Avid relies. Avid presents the Court with two brochures depicting nearly identical light arrays, one of which is purportedly Teco's. [R. 197-1; R. 197-2.] It is largely on these brochures that Avid hangs its hat, but the Thornberry affidavit provided by Teco directly contradicts that assertion. In its reply Avid suggests that Thornberry's denial is insufficient, as it is merely a conclusory statement. [R. 199 at 6.] Despite Avid's valid misgivings, this is a genuine issue of material fact. Avid suggests that these

10

marketing brochures establish infringement. Under penalty of perjury, Thornberry avers that "[t]he 'marketing brochure'… that Avid purports that TECO utilized in the past was not a TECO marketing brochure that TECO either utilized or created." [R. 198-1.] While it is a short statement, it is hard to imagine what greater detail Thornberry could provide to deny ever using or creating the brochure. Furthermore, as founder and President of Teco, Thornberry is in a position to know what marketing materials Teco used. The brochure images appear eerily similar to one another, but do not conclusively establish infringement, especially when their authenticity and accuracy are actively contested.

Avid also appears to try shifting its burden, latching onto a number of "facts" as being "undisputed." The burden is on Avid to show infringement, and the court draws all inferences in favor of nonmovant Teco, yet Avid fails to point to any evidence in the record conclusively establishing these issues. Avid did provide a chart detailing the infringing claims, as depicted in the contested brochure image. [R. 197 at 15-16.] While elucidating, this chart and accompanying annotations, [R. 197-3; R. 197-4], are ultimately mere argument from Avid's attorney, unsupported by expert or witness testimony. The Court will not grant summary judgment based on a few annotated, low-resolution images. Avid further suggests in its chart that its assertions could be confirmed via "a visit to Plaintiff's factory." [R. 197 at 15-16.] Avid had its opportunity to conduct discovery and present evidence as to these similarities – it is not the Court's role to go on a field trip to confirm Avid's suspicions. The Court will therefore deny Avid's motion for summary judgment as to Avid's counterclaim of infringement.

### III

Avid has challenged three of Teco's affirmative defenses: inequitable conduct, invalidity, and inventorship. Each of these requires Teco to meet its burden by clear and convincing

11

evidence. For Teco's defenses of inequitable conduct and inventorship, it has not met that burden and summary judgment is appropriate. However, Teco has presented sufficient evidence for a jury to find that the '447 patent is invalid on account of Teco's prior art. Thus, Teco's invalidity defense survives. Avid has also moved for summary judgment on their own counterclaim of infringement. Disputed material facts remain as to that claim and Avid's associated evidence, leaving summary judgment inappropriate.

      Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that Defendant Avid Labs, LLC's Second Motion for Summary Judgment **[R. 197]** is **GRANTED** in part and **DENIED** in part.

This the 9th day of January 2025.

Gregory F. Van Tatenhove
United States District Judge